Filed 1/20/22  P. v. Santisteven CA2/7
Opinion on remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PETER SANTISTEVEN,<br><br>    Defendant and Appellant. | B301404<br><br>(Los Angeles County<br>Super. Ct. No. GA059086) |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge.  Reversed and remanded.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S.

Lee, Stephanie A. Miyoshi and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Peter Santisteven pleaded guilty in 2007 to first degree felony murder. In January 2019 Santisteven petitioned for resentencing pursuant to Penal Code section 1170.95.[1] The superior court denied the petition after appointing counsel for Santisteven and holding an evidentiary hearing, ruling, because substantial evidence supported a finding Santisteven was a major participant acting with reckless indifference to human life in the underlying robbery, Santisteven was ineligible for resentencing.

In our original opinion we reversed the order denying Santisteven's petition, holding the superior court had applied an improper standard of proof at the evidentiary hearing. Following the Attorney General's petition for review, the Supreme Court transferred the case to us with directions to reconsider our opinion in light of amendments to section 1170.95 by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) (Senate Bill 775), effective January 1, 2022. Santisteven again argues, and the Attorney General now agrees, the case should be remanded for a new evidentiary hearing at which the prosecution is required to prove beyond a reasonable doubt that Santisteven is guilty of murder under current law.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Santisteven's Guilty Plea*

Santisteven and Carlos Martinez, aided by Christian Martinez, robbed Alberto Castillo and Nacho Barboza in an

_____

[1] Statutory references are to this code.

Arcadia motel room in October 2004.  Castillo was shot and killed during the robbery.

Santisteven, Carlos Martinez and Christian Martinez were charged in an amended information in 2007 with robbery and first degree murder.  Among several firearm enhancement allegations, it was specially alleged Carlos Martinez had personally discharged a firearm proximately causing Castillo's death.  The court severed Santisteven's case and ordered his trial to follow those of the other two men.

At a joint trial before separate juries, Christian Martinez was convicted of first degree murder and two counts of first degree robbery.  Carlos Martinez was convicted of first degree murder, two counts of first degree robbery and possession of a usable quantity of methamphetamine.  His jury found true a special circumstance allegation the murder had been committed in the course of a robbery and burglary.  We affirmed the convictions on appeal.  (*People v. Martinez* (Mar. 2, 2010, B204770) [nonpub. opn.].)

Following the Martinezes' trial, Santisteven pleaded guilty to first degree felony murder (murder during the commission of a robbery).  He was sentenced to an indeterminate state prison term of 25 years to life.

2. *Santisteven's Petition for Resentencing*

Santisteven, representing himself, filed a petition for resentencing pursuant to section 1170.95 on January 9, 2019.  He checked boxes on the form petition he used declaring, under penalty of perjury, an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder; he pleaded guilty to first degree murder in lieu of going to trial because he believed he could have been convicted of that

3

offense at trial under the felony murder rule; and he could not now be convicted of first or second degree murder in light of the changes made to sections 188 and 189 by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, because he was not the actual killer, had not assisted the actual killer in committing murder with the intent to kill, and was not a major participant in the underlying felony acting with reckless indifference to human life during the course of the felony.

The court appointed counsel for Santisteven and ordered the prosecutor to file a response to the petition. In her response the prosecutor argued Santisteven was ineligible for resentencing because he had been a major participant in the robbery and acted with reckless indifference to human life within the meaning of sections 189, subdivision (e)(3), and 190.2, subdivision (d). In his reply and supplemental reply Santisteven contended, even if he were a major participant in the robbery, he had not acted with reckless indifference to human life and was, therefore, eligible for resentencing. Santisteven requested an evidentiary hearing at which he proposed to introduce new evidence.

3. *The Evidentiary Hearing and the Court's Ruling*

The superior court held an evidentiary hearing on September 3, 2019 to determine whether Santisteven was ineligible for resentencing. Santisteven presented testimony from Christian Martinez and Kristina Jaime, Carlos Martinez's girlfriend in October 2004, who prior to trial had pleaded no contest to being an accessory to the robbery. The prosecutor introduced into evidence the transcripts from Santisteven's preliminary hearing (held jointly with Carlos Martinez, Christian

4

Martinez and Jaime), which included testimony from Barboza and the lead investigator of the murder/robbery.

Following the evidentiary presentation, the court engaged with counsel for Santisteven and the prosecutor in an extensive discussion of the evidence and the standard for finding a defendant charged with felony murder had been a major participant in the underlying felony and acted with reckless indifference to human life in light of the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. In its ruling denying Santisteven's petition, the court addressed the various *Banks/Clark* factors, explained how it viewed the evidence related to each factor and concluded, "I think there is substantial evidence that supports the fact that this defendant is a major participant and that he acted with reckless indifference to life."

4. *Santisteven's Appeal, the Attorney General's Petition for Review, and the Supreme Court's Remand Order*

In an opinion filed in April 2021, we reversed the denial of Santisteven's section 1170.95 petition and remanded the matter for a new evidentiary hearing. We held section 1170.95, subdivision (d)(3), as enacted by Senate Bill 1437, required the superior court, after issuing an order to show cause, to act as an independent fact finder and to determine whether the prosecutor had proved beyond a reasonable doubt the petitioner could be convicted of murder under current law.

The Attorney General petitioned the Supreme Court for review in Santisteven's case and asked the Court to defer briefing pending its resolution of the conflict in the courts of appeal as to the standard of proof to be applied at an evidentiary hearing under section 1170.95, subdivision (d)(3). Before the Supreme

5

Court decided the issue, the Legislature enacted Senate Bill 775, which amended section 1170.95, subdivision (d)(3), to require use of the beyond-a-reasonable-doubt standard and expressly stated a finding there is substantial evidence to support a conviction for murder is insufficient to prove the petitioner is ineligible for resentencing.

On December 22, 2021 the Supreme Court transferred Santisteven's case to this court with directions to vacate our prior decision and to reconsider the cause in light of Senate Bill 775 (S268910).

## DISCUSSION

Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly narrowing the felony-murder exception to the malice requirement for murder.  (§§ 188, subd. (a)(3), 189, subd. (e)(3); see *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)[2]  It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  (See *Lewis*, at p. 957; *Gentile*, at p. 843.)

---

[2]     As amended by Senate Bill 775, the ameliorative provisions of Senate Bill 1437 now also apply to attempted murder and voluntary manslaughter.

When, as here, the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).)

As originally enacted section 1170.95, subdivision (d)(3), provided, "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  Senate Bill 775 amended section 1170.95, subdivision (d)(3), to provide, "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. . . .  A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."

In supplemental briefs filed after the Supreme Court's transfer order, Santisteven and the Attorney General agree, as now expressly set forth in amended section 1170.95, subdivision (d)(3), the superior court used an improper standard of proof to determine the prosecution had met its burden of proof at the evidentiary hearing.  The matter must be remanded for a new evidentiary hearing to be conducted in accordance with the revised provisions of section 1170.95, subdivision (d)(3).

7

## DISPOSITION

The order denying Santisteven's petition for resentencing is reversed, and the matter remanded for a new evidentiary hearing applying the correct standard of proof and evidentiary rules in the current version of section 1170.95, subdivision (d)(3).



                              PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.